**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatrice Mendenhall<br><br>Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security,<br><br>Defendant. | No. CV-16-0161-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff's Opening Brief (Doc. 22). Defendant filed her Brief ("Response") (Doc. 23), and Plaintiff did not file a reply. Plaintiff brings this cause of action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. § 405(g). Compl. (Doc. 1). The United States Magistrate Judge has received the written consent of both parties, and presides over this case pursuant to 28 U.S.C. § 636(c) and Rule 73, Federal Rules of Civil Procedure.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Beatrice Mendenhall was determined disabled in 1998. Compl. (Doc. 1) at 2; *see also* Administrative Record ("AR") at 14. She was then incarcerated in 2004, and released from prison in July 2005. Compl. (Doc. 1) at 2; AR at 14. Upon Plaintiff's release, she filed a new application for Supplemental Security Income ("SSI") in August 2005. Response (Doc. 23) at 2; *see also* AR at 96–98. After a hearing before Administrative Law Judge ("ALJ") Lauren Mathon, Plaintiff was denied benefits on the

new application. *See* AR at 51–62. Plaintiff appealed this decision, and on June 28, 2008, the Appeals Council remanded the matter for further development and a second hearing. *Id.* at 68–69. After the second hearing, on March 30, 2009, the ALJ again issued an unfavorable decision. *Id.* at 14–26. On April 3, 2009, Plaintiff requested review of the ALJ's decision by the Appeals Council, and on August 4, 2010, review was denied. *Id.* at 6–9. On September 28, 2010, Plaintiff filed an appeal with the United States District Court, District of Arizona. *See* USDC, D. Ariz, Case No. CV-10-00586-TUC-HCE, Compl. (Doc. 1).

On March 16, 2012, the Honorable Hector C. Estrada ordered the matter remanded to the Commissioner for further proceedings. AR at 479–509; *See* USDC, D. Ariz, Case No. CV-10-00586-TUC-HCE, Order 3/16/2012 (Doc. 22). After further development of the record, on November 16, 2012, ALJ George W. Reyes held a third hearing in this matter. AR 606–26. On November 21, ALJ Reyes issued a fully favorable decision, finding Plaintiff disabled as of November 23, 2010. *Id.* at 471–78. On December 26, 2012, Plaintiff requested review of the ALJ's decision indicating that she "disagree[d] with the onset date of 11/23/2010." *Id.* at 470. Plaintiff further asserted that she "felt intimidated and did not understand the consequence[,] [and] [t]he ALJ did not even let [her] bring [her] adult daughter into the hearing with [her]." *Id.* The Appeals Council "considered the reasons [Plaintiff] disagree[d] with the Administrative Law Judge's decision dated November 21, 2012 and all of the issues in the case[,] . . . [and] found no reason under [its] rules to assume jurisdiction." *Id.* at 467. On March 18, 2016, Plaintiff filed the instant cause of action. *See* Compl. (Doc. 1).

## II. STANDARD OF REVIEW

The factual findings of the Commissioner shall be conclusive so long as they are based upon substantial evidence and there is no legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Substantial evidence is "'more than a mere scintilla[,] but not necessarily a preponderance.'"

*Tommasetti*, 533 F.3d at 1038 (quoting *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003)); *see also Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Further, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Where "the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Tackett*, 180 F.3d at 1098 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). Moreover, the court may not focus on an isolated piece of supporting evidence, rather it must consider the entirety of the record weighing both evidence that supports as well as that which detracts from the Secretary's conclusion. *Tackett*, 180 F.3d at 1098 (citations omitted).

## III. ANALYSIS

### A. *Entitlement to Post-Incarceration Benefits*

As an initial matter, Plaintiff has repeatedly asserted that she was incarcerated for a term of eleven (11) months, and therefore should have been automatically entitled to SSI benefits upon release. Compl. (Doc. 1) at 2; Opening Br. (Doc. 22) at 4. This issue is not before the Court in Plaintiff's appeal; however, the Court finds it appropriate to inform Plaintiff of her error. The Court notes that on June 4, 2004, Plaintiff was sentenced to **thirteen (13)** months in prison with credit for time served, not eleven (11) months as she has alleged. *See* USDC, D. Ariz., Case No. CR-01-0337-TUC-RCC (NFF), *United States v. Beatrice Dianna Mendenhall-Gillespie*, Judgment & Commitment 6/4/2004 (Doc. 86). The Court further notes that in her March 30, 2009 decision, the ALJ found that "[t]he determination ceasing supplemental security income benefits is accordingly administratively final and binding." AR at 14. Moreover, Plaintiff did not raise this claim in her previous appeal to the district court. *See* USDC, D. Ariz. Case No. CV-10-00586-TUC-HCE, Compl. (Doc. 1) & Opening Br. (Doc. 15).

As such, this issue is waived. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (issues not raised to the district court are waived on appeal).

### *B.     Alleged Onset Date*

Respondent states that "[a]s far as the undersigned can tell, Plaintiff's sole basis for dispute is the allegation presented in her appeal to the Appeals Council that her amendment of her alleged onset date was the result of intimidation by the ALJ at the November 2012 hearing." Response (Doc. 23) at 3 (citation omitted). The Court agrees, that this appears to be the only issue raised by Plaintiff.

Plaintiff appeared before the ALJ *pro se*, and stated that she had represented herself throughout the process, including previously before the district court. AR at 608. At the outset of the hearing, the ALJ explained Plaintiff's procedural rights to her, including that she could postpone the hearing, and obtain counsel. *Id.* at 609–10. The ALJ also explained the difference between back pay and future pay. *Id.* Plaintiff responded that she had to go on, because she had called private attorneys, but no one would take her case. *Id.* at 610–11.

After hearing testimony from the medical expert, the ALJ asked Plaintiff about her level of education and reviewed her earnings history. *Id.* at 621. After determining when Plaintiff's age and education the ALJ reviewed the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2 ("the Grids"), which directed a finding of disability. AR at 623. The ALJ explained to Plaintiff that he had discretion to go back sixth months from her fiftieth birthday, so that based upon the Grids and his discretion, he could find her disabled as of November 23, 2010. *Id.* at 623–24. Plaintiff indicated that she did not understand, so the ALJ explained further:

> Well, you've claimed you've been disabled since 2004 . . . but that's still an issue. What I'm telling you now is if you, instead of claiming money all the way back to 2004, if you claim it back to November 23rd of 2010, the case is over now. You win as of November 23rd, 2010. You may not want to do that, but that's what will happen right now if, in fact, you agree to do that, case over. Otherwise, we may have to continue.

1 *Id.* at 624. When Plaintiff expressed uncertainty, the ALJ went off the record, and allowed her to step outside and discuss the situation with her daughter. *Id.* Once back on the record, Plaintiff stated that she wished to amend her onset date to November 23, 2010. *Id.* at 624–25.

The record does not reflect coercion of the Plaintiff, and as such the Court finds that the ALJ's decision is supported by substantial evidence and free from legal error. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## IV. CONCLUSION

Based upon the foregoing, the Court affirms the ALJ's decision. Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff's Opening Brief (Doc. 22) is DENIED;
2) The Commissioner's decision is AFFIRMED; and
3) The Clerk of the Court shall enter judgment, and close its file in this matter.

Dated this 17th day of September, 2018.

Honorable Bruce G. Macdonald
United States Magistrate Judge